PRYOR v. NEWBOLD.

CONTRACT—SPECIFIC PERFORMANCE.—If an agreement to settle a lawsuit is entirely performed on the part of one litigant, the other cannot annul it because a sale of the land in question to a third person, which had caused him to make the agreement, was, by mutual consent, rescinded.

Before TOWNSEND, J., December, 1903.     Affirmed.

Action by S. W. Pryor against W. H. Newbold. · From Circuit decree in favor of defendant, plaintiff appeals.

*Messrs. Caldwell & Gaston,* for appellant, cite: *Plaintiff is entitled in any view to the right of way:* 3 McC. L., 139; 23 Ency., 2 ed., 13. *As to the preponderance of evidence in cases of this kind:* 14 Ency., 2 ed., 201, 120; 1 DeS., 289; 2 Rich., 154; 50 S. C., 397.

*Mr. Jno. S. Reynolds,* contra, cites: *When relief may be had from mistake:* 20 Ency., 2 ed., 813; 46 S. C., 220; 60 S. C., 486. *As to preponderance of evidence in cases like this:* 1 Mills, 329; 14 Ency., 2 ed., 21, 196, 190; 58 S. C., 394; 60 S. C., 231; 64 S. C., 49. *Voluntary settlement is good defense:* 8 Rich. L., 416; 9 Ency., 2 ed., 727; 9 Cyc., 344 (F.), 63 S. C., 134; 66 S. C., 67; 20 Ency., 2 ed., 815; 62 S. C., 418; 31 S. C., 313.

July 15, 1904.    The opinion of the Court was delivered by MR. JUSTICE WOODS.    This is an action to reform a deed on the ground of fraud. The complaint alleges a contract by defendant to convey to plaintiff a lot of land in the city of

Chester, for the consideration of $200, a subsequent change of the contract by which one-half of the lot was to be conveyed for $100; a deed fraudulently drawn and executed by defendant so as to cover only a portion of the land defendant had agreed to convey, and the acceptance of the deed by the plaintiff in the belief that it was in conformity with the amended contract. The answer denies the material allegations of the complaint, alleges the description of the property in the deed conforms to the contract, and in addition sets up as a defense a settlement of the cause by agreement with the plaintiff.

The plaintiff testified that the boundary line of the one-half lot which defendant had contracted to convey to him had been ascertained and fixed by the defendant himself, who had built a fence to mark it; that both parties in using the land recognized this as the line fence; that subsequently, when the conveyance was to be made, in order to give the line measurements in the deed with accuracy, he trusted the defendant to make the measurements and draw the deed; that the defendant disregarded the agreed line marked by the fence, measured off only about three-fourths of the portion of the lot he had agreed to convey, and inserted these measurements in the deed as the limitations of the land conveyed; and that he accepted the deed without any knowledge of the fraud that had been perpetrated upon him. These statements the defendant vigorously denied, and asserted that the plaintiff trusted him to measure off so much of the lot as he regarded worth $100, which was to be the consideration of the deed. This was, in brief, the main issue of fact on the merits of the case, upon which much testimony was taken and which was fully considered by the referee and Circuit Judge. The referee sustained the plaintiff in his view of the facts, but the Circuit Judge reversed the referee's findings and dismissed the complaint.

We consider, first, the defense of settlement, because if it is found that the parties themselves by contract ended the case, it would manifestly be not only unnecessary, but impro-

per, for this Court to revive and discuss issues which the parties themselves had set at rest.

There seems to be no dispute as to the facts concerning the alleged settlement. After the action was commenced, but before the answer had been put in, the plaintiff entered into negotiations with S. D. Cross, then absent from the State, looking to the sale of the property to him. Cross agreed to buy for $100, and the plaintiff made and delivered to him a deed containing the same description of the property as the deed from the defendant to the plaintiff, and collected the purchase money. He then agreed with defendant to settle the case, and wrote to his attorneys to withdraw the suit. The settlement required that the defendant should pay one-half the costs. He testified that he went to the clerk of Court immediately after the agreement and arranged to pay one-half the costs. On the same day he commenced to work the disputed land. These statements are not denied. We must, therefore, regard the fact established that an agreement was made to end the case, and that the defendant carried out his part of the contract. The language used by the defendant, "I went to clerk C. C. and arranged to pay my half costs," clearly means that he made some satisfactory arrangement with the clerk by which the plaintiff was discharged from any liability for one-half the costs. The consideration required by the plaintiff was that the defendant should relieve him of this contingent liability, and this consideration he received. The contract, therefore, was not executory, but fully executed by the defendant, and the plaintiff could not afterwards annul the agreement and press the case for trial.

The fact that plaintiff subsequently annulled the sale to Cross and refunded the purchase money upon ascertaining that Cross supposed he was getting one-half of the lot to the line plaintiff had claimed, and not that portion only which defendant had described in his deed to plaintiff, could not in any wise affect the defendant's right to the benefit of the settlement, for the reason that he was neither party nor privy to the contract between plaintiff and Cross.

The Court holding the view that there was a valid agreement to settle the litigation, which was performed by the defendant on his part, the judgment must be affirmed on this ground.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.